IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 PROCEEDING |
| JOHN C SHUMAN | : | CASE NO. : 15-60059 |
| PAMELA J SHUMAN | : | JUDGE RUSS KENDIG |
| DEBTOR(S) | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION
OF DEBTOR'(S) PLAN DATED JANUARY 13, 2015

**Now comes the Standing Chapter 13 Trustee, Toby L. Rosen**, for the above captioned case and objects to Confirmation of the Debtor'(s) proposed Plan on the grounds that said plan is in violation of 11 U.S.C. Section(s):

**Chapter 7 value**

    1325 (a) (3) the plan has been proposed in good faith and not by any means forbidden by law.

    1325 (a) (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

**TRAILERS AND VEHICLES**

**Unfeasible**

    1325 (a) (6) the debtor will be able to make all payments under the plan and to comply with the plan

    1325 (a) (1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title.

By failing to comply with 11 U.S.C. Section

    1322 (d) the plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years.

**MORTGAGE MUST BE CONDUIT**

**Disposable Income**

    1325 (a) (1) the plan complies with the provisions of this chapter and with the other

applicable provisions of this title.

    1325 (a) (3) the plan has been proposed in good faith and not by any means forbidden by law.

And therefore fails to comply with 11 U.S.C. Section
    1322 (a) (1) provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan.

A proposed plan must comply with 11 U.S.C. Section
    1325 (b) (1) (B) the plan provides that all the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

**OVER MEDIAN – MUST BE 60 MONTHS**

    **WHEREFORE**, the Standing Chapter 13 Trustee prays that the confirmation of the debtor(s) plan be **denied.**

    **/S/ Toby L. Rosen**
    **Toby L. Rosen, Chapter 13 Trustee**

### CERTIFICATE OF SERVICE

I certify that on June 8, 2015, a true and correct copy of the OBJECTION was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

    JAMES R GALEHOUSE, on behalf of JOHN C and PAMELA J SHUMAN, at jgalehouse@ohiolegalclinic.com

And by regular U.S. Mail, postage prepaid, on:

    NONE

    /s/ Toby L. Rosen
    Toby L. Rosen, Chapter 13 Trustee
    400 West Tuscarawas Street, 4th Floor
    Canton, Ohio 44702
    330-455-2222